# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

DED RRANXBURGAJ,

        Petitioner,        CASE NO. 18-11832
                                    HON. DENISE PAGE HOOD

v.

KRISTJEN NIELSEN, et al.,

        Respondents.

_____/

## ORDER GRANTING RESPONDENTS' MOTION TO DISMISS [#8]

### I.   BACKGROUND

On June 8, 2018, Plaintiff Ded Rranxburgaj ("Rranxburgaj") filed a petition for the issuance of a writ of mandamus in order to compel Respondents Kristjen Nielsen ("Nielsen"), Jefferson Sessions, III ("Sessions"), Rebecca Adducci ("Adducci"), and Thomas D. Homan ("Homan") (collectively, "Respondents") to adjudicate on the merits his application for a stay of removal or deferral of removal. (Doc # 1)  This matter is before the Court on Respondents' Motion to Dismiss for lack of subject-matter jurisdiction and for failure to state a claim upon which relief can be granted pursuant to Fed.R.Civ.P. 12(b)(1) and (6), filed on August 31, 2018. (Doc # 8)  Rranxburgaj filed a Response on October 12, 2018.  (Doc # 12) Respondents filed their Reply on October 26, 2018.  (Doc # 13)

At the time of this hearing, Nielsen was the acting Secretary of the United States Department of Homeland Security. Nielsen was responsible for the administration and enforcement of the immigration and naturalization laws pursuant to section 402 of the Homeland Security Act of 2002, 107 Pub. L. 296, 116 Stat. 2135 (Nov. 25, 2002). Nielsen was the ultimate legal custodian of the Petitioner, and was being sued by Rranxburgaj in her official capacity.

Sessions was the Attorney General of the United States. At the time this lawsuit was filed Sessions was responsible for administering and enforcing the immigration laws pursuant to section 103 of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1103(a). Rranxburgaj was suing Sessions in his official capacity to the extent that 8 U.S.C. § 1103(g) vested him with authority over the immigration laws.

Adducci is the Field Office Director of the Immigration and Customs Enforcement ("ICE") (Department of Homeland Security) office in Detroit, Michigan. Adducci oversees custody determinations made by ICE within the metropolitan Detroit and greater Michigan region. Rranxburgaj is suing Adducci in her official capacity.

Homan was the acting Director of ICE. Homan was responsible for the administration and enforcement of the immigration laws pursuant to section 402 of

the Homeland Security Act of 2002, 107 Pub. L. 296, 116 Stat. 2135 (Nov. 25, 2002). Rranxburgaj is suing Homan in his official capacity.

The facts are as follows. Rranxburgaj, a native of Albania, has been on Order of Supervision since 2010. (Doc # 1, Pg ID 2, 6) He was initially a derivative beneficiary on his wife, Flora Rranxburgaj's I-589 application for asylum, withholding of removal, and CAT relief. (Doc # 1, Pg ID 3) An Immigration Judge denied this application on June 13, 2006. (*Id.*) Mrs. Rranxburgaj's appeal to the Board of Immigration Appeals was dismissed in a decision dated May 5, 2009. (*Id.*)

ICE has allowed Rranxburgaj to remain in the United States so that he could tend to his ill wife. (*Id.* at 2-3.) Mrs. Rranxburgaj has also been on Order of Supervision, along with the couple's son, who is currently a Deferred Action for Childhood Arrivals grantee. (*Id.* at 3.) ICE has not asked Mrs. Rranxburgaj to depart the United States because her medical condition prevents her from being able to travel. (*Id.*)

On or about December 8, 2017, Rranxburgaj applied for a stay of removal. (Doc # 1-1) ICE denied Rranxburgaj's stay request as moot on January 17, 2018, because on that date, Rranxburgaj failed to report to ICE as mandated by his Order of Supervision. (Doc # 1-3) Rranxburgaj's January 17, 2018 report date was his last report date prior to his scheduled deportation. (Doc # 1, Pg ID 7) Before Rranxburgaj's scheduled deportation date, he went into sanctuary at a local Detroit

church out of fear that he would be detained if he reported to ICE. (*Id*.) ICE was fully informed of Rranxburgaj's whereabouts and location when he entered sanctuary. (*Id*.) Rranxburgaj and his family currently reside in the church that he entered in January 2018. (Doc # 1, Pg ID 9)

Rranxburgaj sought reconsideration of the stay denial by letter on January 23, 2018. (Doc # 1-4) On January 24, 2018, Robert Lynch ("Lynch"), Deputy Field Office Director, verbally affirmed the denial of Rranxburgaj's reconsideration request over the phone, and alleged that Rranxburgaj is a fugitive. (Doc # 1, Pg ID 8) Rranxburgaj sought further reconsideration of ICE's verbal affirmance, and sent Lynch a follow up letter dated February 21, 2018. (Doc # 1-5) On April 20, 2018, after having received no response to this inquiry, Rranxburgaj's attorney, George P. Mann ("Mann") emailed Adducci and asked for a response. (Doc # 1-6) ICE Deputy Field Office Director, Todd Shanks called Mann on April 23, 2018, and explained that ICE's denial of Rranxburgaj's stay request would not be reversed. (Doc # 1, Pg ID 9)

Rranxburgaj now seeks from this Court a merits adjudication of his application for a stay of removal. (*Id.*) Rranxburgaj argues that he is entitled to a merits adjudication pursuant to 5 U.S.C. § 706. (*Id*. at 18.) Rranxburgaj contends that he would be successful if his stay request was adjudicated on the merits because he believes that ICE wrongly categorized him as a fugitive. (*Id*.)

## II. ANALYSIS

### A. Standards of Review

#### 1. *Rule 12(b)(1)*

Rule 12(b)(1) of the Federal Rules of Civil Procedure provides for dismissal for lack of jurisdiction over the subject matter. Fed. R. Civ. P. 12(b)(1). Motions under Rule 12(b)(1) fall into two general categories: facial attacks and factual attacks. *See RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir. 1996). A facial attack challenges the pleading itself. In considering this type of attack, the court must take all material allegations in the complaint as true, and construe them in the light most favorable to the non-moving party. *Id.* Where subject matter jurisdiction is factually attacked, the plaintiff bears the burden of proving jurisdiction to survive the motion, and "the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Id.* In a factual attack of subject matter jurisdiction, "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Id.*

#### 2. *Rule 12(b)(6)*

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for a motion to dismiss for failure to state a claim upon which relief can be granted. Fed. R. Civ.

P. 12(b)(6). This type of motion tests the legal sufficiency of the plaintiff's complaint. *Davey v. Tomlinson*, 627 F. Supp. 1458, 1463 (E.D. Mich. 1986). When reviewing a motion to dismiss under Rule 12(b)(6), a court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Directv Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). A court, however, need not accept as true legal conclusions or unwarranted factual inferences." *Id.* (quoting *Gregory v. Shelby Cnty.*, 220 F.3d 443, 446 (6th Cir. 2000)). "[L]egal conclusions masquerading as factual allegations will not suffice." *Edison v. State of Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 634 (6th Cir. 2007).

As the Supreme Court has explained, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level… ." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted); *see LULAC v. Bresdesen*, 500 F.3d 523, 527 (6th Cir. 2007). To survive dismissal, the plaintiff must offer sufficient factual allegations to make the asserted claim plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The court

primarily considers the allegations in the complaint, although matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint may also be taken into account. *Amini v. Oberlin Coll.*, 259 F.3d 493, 502 (6th Cir. 2001).

B. **Subject Matter Jurisdiction**

Respondents argue that the Court lacks subject matter jurisdiction to adjudicate Rranxburgaj's claim. Respondents contend that since Rranxburgaj's action arises from ICE's decision to deny his application for a stay and execute his removal order, 8 U.S.C. § 1252(g) precludes the Court from ruling on Rranxburgaj's claim. Respondents also claim that the Sixth Circuit has determined that refusal to issue a stay of deportation is a decision to execute a removal order as contemplated by § 1252(g), and therefore, in these instances, judicial review is precluded. *See Moussa v. Jenifer*, 389 F.3d 550, 554 (6th Cir. 2004).

Rranxburgaj argues that the Court has subject matter jurisdiction pursuant to various statutes. First, Rranxburgaj claims that 28 U.S.C. § 1331 gives this Court subject matter jurisdiction because this case involves questions of federal law, specifically the Fugitive Disentitlement Doctrine, Immigration and Nationality Act, 8 U.S.C. § 1101 et seq., and the APA, 5 U.S.C. § 551 et seq. Second, Rranxburgaj asserts that pursuant to 28 U.S.C. § 1361, this Court has subject matter jurisdiction since the Court has original jurisdiction over cases involving mandamus requests.

Third, Rranxburgaj argues that the Court has subject matter jurisdiction based on 5 U.S.C. §701 because this statute allows the Court to review relevant questions of law in relation to agency actions. Fourth, Rranxburgaj contends that under 28 U.S.C. §§ 2201 and 2202, the Court has subject matter jurisdiction because it has the authority to grant Rranxburgaj declaratory relief.

Additionally, Rranxburgaj claims that § 1252(g) does not preclude this Court from ruling on his action because he alleges that his claim does not arise from ICE's "decision or action . . . to commence proceedings, adjudicate cases, or execute removal orders against any alien." Rranxburgaj argues that instead, his claim stems from ICE's decision to declare that his application for a stay of removal was moot because of his alleged fugitive status. Rranxburgaj further contends that *Moussa* is distinguishable from the instant case since his claim is based on a pure legal question. According to Rranxburgaj, in *Moussa*, the court denied an alien's request to review the denial of his application for a stay of removal, not whether the alien's stay of removal request should have been declared moot.

Where subject matter jurisdiction is challenged pursuant to Rules 12(b)(1) and 12(b)(6), courts must consider the 12(b)(1) motion first, since the Rule 12(b)(6) challenge becomes moot if it is determined that subject matter jurisdiction is lacking. *Moir v. Greater Cleveland Reg'l Transit Auth.*, 895 F.2d 266, 269 (6th Cir. 1990). The Court finds that here, it lacks the subject matter jurisdiction necessary to rule on

Rranxburgaj's claim, and therefore, Respondents' Rule 12(b)(6) challenge is moot. The REAL ID Act of 2005 divests district courts of subject matter jurisdiction to review removal orders of any alien. 8 U.S.C. § 1252(a)(2); *Elgharib v. Napolitano*, 600 F.3d 597, 600-601 (6th Cir. 2010). Only Courts of Appeals have jurisdiction to review an Order of Removal. 8 U.S.C. § 1252(a)(5).

Rranxburgaj argues that this Court should adjudicate his case because it involves a legal question regarding whether he is a fugitive under the Fugitive Disentitlement Doctrine. While Rranxburgaj might have a legitimate legal question, this is not the proper forum to address Rranxburgaj's claim. Rranxburgaj's ultimate claim is that he "seeks a merits adjudication of his application for a stay of removal." (Doc # 1, Pg ID 9) The stay of removal is directly related to Rranxburgaj's final removal order. Since Rranxburgaj's claim pertains to a final removal order, he must pursue his claim with the Court of Appeals. *See Elgharib*, 600 F.3d at 600-601.

### III. CONCLUSION

For the reasons set forth above,

IT IS HEREBY ORDERED that Respondents' Motion to Dismiss (Doc # 8) is **GRANTED**.

IT IS FURTHER ORDERED that this action is **DISMISSED** with prejudice.

DATED: September 12, 2019

s/Denise Page Hood
DENISE PAGE HOOD
Chief Judge