UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DED RRANXBURGAJ,

        Petitioner,        CASE NO. 18-11832
                                    HON. DENISE PAGE HOOD

v.

KRISTJEN NIELSEN, et al.,

        Respondents.
_____/

# ORDER DENYING PETITIONER'S
# MOTION FOR WAIVER OF TRANSCRIPT FEE [#16]

## I. INTRODUCTION

This matter is before the Court on Petitioner Ded Rranxburgaj's ("Rranxburgaj") Motion for Waiver of Transcript Fee. (Doc # 16)

## II. BACKGROUND

On June 8, 2018, Rranxburgaj filed a petition for the issuance of a writ of mandamus in order to compel Respondents Kristjen Nielsen ("Nielsen"), Jefferson Sessions, III ("Sessions"), Rebecca Adducci ("Adducci"), and Thomas D. Homan ("Homan") (collectively, "Respondents") to adjudicate on the merits his application for a stay of removal or deferral of removal. (ECF No. 1) In response to Rranxburgaj filing this action, Respondents filed a Motion to Dismiss. (Doc # 8) On September 12, 2019, the Court granted the Respondents' Motion to Dismiss. (Doc # 14) On

1

October 2, 2019, Rranxburgaj filed a Motion for Waiver of Transcript Fee (Doc #16) for the transcript of a hearing held on November 18, 2018.

### III. ANALYSIS

Rranxburgaj's request regarding the trial transcript is governed by 28 U.S.C. § 753. The statute provides that the Government may pay fees for transcripts to persons proceeding *in forma pauperis* pursuant to: (1) the Criminal Justice Act, 18 U.S.C. § 3006A; (2) a habeas corpus action; (3) a § 2255 action; or (4) any other civil cases "if the trial judge certifies that the appeal is not frivolous and presents a substantial question." 28 U.S.C. § 753(f). This case was not brought pursuant to the Criminal Justice Act, a habeas corpus action, or a § 2255 action.

A "substantial question" has been defined as: "a close question or one that could go either way;" the "question is so integral to the merits;" "it is more probable than not that reversal will be required;" or that the question is "novel ... and has not been decided by controlling precedent or is fairly doubtful." *United States v. Parkes,* 2009 WL 5205370, at *3 (E.D. Tenn. 2009) (quotations and citations omitted). Unless the Government pays for the transcripts, the court reporter may charge and collect fees for transcripts requested by the parties and may require any party requesting a transcript to prepay the estimated in advance. 28 U.S.C. § 753(f).

Rranxburgaj asserts that he is taking appeal of the Court's Order granting Respondent's Motion to Dismiss and will require a transcript of the November 18,

2018 hearing. He asks for a fee waiver for the cost of the transcript because of his pauperis status, but he does not offer any basis for the fee waiver or explain how "the appeal is not frivoulous and presents a substantial question." Accordingly, Rranxburgaj is not entitled to have the transcript of the November 18, 2018 hearing paid by the Government under 28 U.S.C. § 753(f).

Should Rranxburgaj seek a transcript from the court reporter, a request must be made in writing and addressed to the court reporter as required under E.D. Mich. LR 80.1. Any payment arrangements must be made with the court reporter as required under 28 U.S.C. § 753(f).

**IV. CONCLUSION**

For the reasons set forth above,

IT IS HEREBY ORDERED that Rranxburgaj's Motion for Waiver of Transcript Fee. (Doc # 16) is **DENIED**.

s/Denise Page Hood
DENISE PAGE HOOD
DATED: February 12, 2020     United States District Judge